IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GEORGE WASHINGTON, | * | |
| *Plaintiff*, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. RWT-12-2783 |
| | * | |
| FRONTIER SYSTEM INTEGRATOR LLC | * | |
| *Defendant*. | * | |
| | * | |
| | * | |

## **MEMORANDUM OPINION**

On September 18, 2012, Plaintiff, a resident of Lanham, Maryland, filed the above-captioned lawsuit, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. §1332(a). *See* ECF No. 1, Case No. RWT 12-2783. Plaintiff alleges that he was wrongfully terminated from his employment by Defendant, a Virginia-based limited liability company. *Id.* He further claims that he successfully arbitrated his claim but that Defendant has failed to abide by the decisions of the arbitrator. *Id*.

Diversity jurisdiction may exist in this case pursuant to 28 U.S.C. § 1332, but venue is not proper in this jurisdiction. 28 U.S.C. §1391(b) provides:

A civil action may be brought in--

**(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

**(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

According to the facts as set forth in the Complaint, Defendant resides in Virginia, Plaintiff

apparently worked for Defendant in Virginia, and all of the events complained of occurred in Virginia. There is no suggestion that Defendant is a Maryland resident, that any of the events giving rise to the claim occurred in Maryland, or that Defendant is in any way subject to personal jurisdiction in Maryland. Accordingly, there is no basis for finding that this Court is the proper venue in which to adjudicate this matter. For the convenience of the parties and in the interest of justice, this case shall be transferred pursuant to 28 U.S.C. §1406(a) to the Alexandria Division of the United States District Court for the Eastern District of Virginia. A separate order follows.


Date: October 1, 2012                                      /s/
                                              ROGER W. TITUS
                                         UNITED STATES DISTRICT JUDGE